**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABERDEEN ENTERPRISES, INC., a Delaware Corporation, and LOUISE BLOUIN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO:     22-7190 <br><br> **COMPLAINT** |

NOW COMES Aberdeen Enterprises, Inc., a Delaware corporation, and Louise Blouin, for their Complaint against Defendant United States of America ("United States"), by its attorneys, Duane Morris, LLP, and states as follows:

## INTRODUCTION

1.      This is a quiet title action under 28 U.S.C. §2410(c), which seeks to strike off certain Federal Tax Liens that were purportedly or attempted to be filed against property owned by Aberdeen Enterprises, Inc., a Delaware Corporation ("Aberdeen DE"), as a result of an attempt by the Internal Revenue Service ("IRS") to collect on behalf of the United States certain Trust Fund Recovery Penalties, 26 U.S.C. § 6672 ("TFRP") purportedly imposed against Louise Blouin.  It is also an action for a mandatory injunction, requiring the United States to immediate discharge the Federal Tax Liens.

2.      The Federal Tax Liens should be stricken because: (i) the IRS failed to provide the Notice as required by 26 U.S.C. § 6672; (ii) the Federal Tax Liens do not identify Aberdeen DE, but rather, a separate company with a similar name, Aberdeen Enterprises Holdings (BVI),

1

Ltd.; (iii) the legal description on the Federal Tax Liens does not refer to 376 Gin Lane address described on Federal Tax Liens; and (iv) there is no connection between the individual purportedly subject to the penalty and the property being liened.

## THE PARTIES

3.     Aberdeen DE is a Delaware corporation, with is principal place of business located in Wilmington, Delaware. Aberdeen DE owns property known as 376 Gin Lane, Southampton, New York ("376 Gin Lane").

4.     Louise Blouin ("Blouin"), is a Canadian Citizen, currently residing at Riedstrasse 61, 3920, Zermatt, Switzerland.

5.     Defendant United States, is a sovereign country, who is required to be served with process by delivering the summons and complaint to: (i) Mr. Spencer Gould, Revenue Officer, Internal Revenue Service, 290 Broadway, 14th Floor, COLL GR-43, New York, New York; (ii) Breon Peace, United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201; and (iii) Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001.

## JURISDICTION AND VENUE

6.     The subject matter of the action is within the original jurisdiction of the district court pursuant to 28 U.S.C. § 2410(a). Consistent with § 2410(b): (i) the name of the taxpayers are Louise Blouin Media, Inc. and Art Now, Inc.; (ii) the name of person targeted as responsible for purported penalties is Louise Blouin; (iii) the internal revenue office that filed the lien is located at 290 Broadway, 14th Floor, COLL GR-43, New York, NY; and (iv) the liens at issue were filed on August 17, 2022 in the Office of the Clerk of Suffolk County, New York, and are attached hereto as Exhibit "A".

7. Venue is proper in this judicial district, because the action is one to quiet title on property in this judicial district.

**COUNT I – ACTION TO QUIET TITLE IN THE NATURE OF AN ORDER STRIKING OFF FEDEAL TAX LIENS ON 376 GIN LANE**

8. Plaintiffs incorporate by reference its allegations above, as though more fully set forth herein at length.

9. Aberdeen DE became the fee owner 376 Gin Lane by two separate deeds: (i) by Deed from Carl Spielvogel and Barbaralee Diamonstein-Spielvogel dated as of April 10, 1998, and recorded on May 12, 1998 in Liber 11893, Cp. 122; and (ii) by deed from Brickchurch Enterprises, Inc. dated August 23, 2000, recorded September 11, 2000 in Liber 12069, Cp. 712. 376 Gin Lane is more fully described as follows:

//

//

//

//

//

//

//

//

ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated VILLAGE OF SOUTHAMPTON, Town of SOUTHAMPTON, County of SUFFOLK and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of southerly side of gin lane with the westerly side of Wyandanch Lane;

RUNNING THENCE along the westerly side of Wyandanch Lane South 30 degrees 54 minutes 10 seconds East 531.00 feet to the Atlantic Ocean,

THENCE along a tie line course which marks the general shoreline of the Atlantic Ocean, as of January 5, 1982 bearing, South 64 degrees 46 minutes 15 seconds West 275.28 feet to the land now or formerly of Brickchurch Enterprises Inc.;

THENCE along said lands, the following four courses and distances:

| Form 50074436 (12-9-20) | Page 5 | Certificate of Title (Rev. 6-17-06) New York |

1) North 16 degrees 20 minutes 00 seconds West 213.89 feet;

2) North 03 degrees 20 minutes 09 seconds West 155.09 feet;

3) North 58 degrees 56 minutes 50 seconds East 50.96 feet;

4) North 20 degrees 05 minutes 50 seconds West, 178.57 feet to the southerly side of GIN LANE;

THENCE along the southerly side of Gin Lane, North 73 degrees 21 minutes 10 seconds East 65.95 feet to the westerly side of Wyandanch Lane to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Designated as District 0904, Section 029.00 Block 01.00, Lot 017.013, Suffolk County. (376 Gin Lane)

10. Aberdeen DE is not owned by Blouin. Rather, 100% of its stock is owned by Aberdeen Enterprises (BVI), Ltd. ("Aberdeen BVI"), which is a limited company located and existing under the laws of the British Virgin Islands.

11. Aberdeen BVI is not owned by Blouin. Rather, 100% of the interest is owned by Aberdeen Enterprises, Holdings (BVI), Ltd. ("Holdings BVI"), which is a limited company located and existing under the laws of the British Virgin Islands.

12. Blouin is the owner of 100% owner of the interest of Holdings BVI.

13. The IRS claims that LBM and ANI failed to turn over to the IRS certain employment taxes collected between 2011 and 2017, known as trust fund taxes.

14. The IRS purports to have assessed a Trust Fund Recovery Penalty ("TFRP") against Blouin personally for the failure of LBM and ANI to turn over these employment taxes, pursuant to 26 U.S.C. § 6272(a).

15. A TFRP is imposed on "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof ." 26 U.S.C. § 6672(a).

16. The term "person" includes an officer or employee of a corporation who is under a duty to collect, account for, and pay over the tax. 26 U.S.C. § 6671(b). These are generally called "responsible persons."

17. Where a TRFP is properly imposed, if is it not paid after demand, it becomes "a lien in favor of the United States upon all rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

18. One of the prerequisites for imposing a TRFP is that the IRS is required to mail the purported responsible party a notice of the intent to impose a penalty by certified or registered mail at least 60 days before the TRFP is imposed. 26 U.S.C. § 6272(b). Until the notice is served, the Tax Court lacks jurisdiction to adjudicate the correctness of the TRFP; in other words, there is no ability to challenge the imposition of any penalty.

19. The TRFP imposed upon Blouin was procedurally improper because the IRS did not mail the notice in compliance with 26 U.S.C. § 6672(b) at least 60 days prior to the imposition of the TFRP. This is clear from the facts that (i) Blouin never received such notice, and (ii) the IRS, despite various requests, has not been able to produce proof of mailing or any

5

dated letter in its records. Rather, the IRS has only been able to produce undated copies of the purported letters, without any proof of mailing. *See* Letters attached hereto as Exhibit "B".

20. Despite not providing the notice required by 26 U.S.C. § 6672(b), on August 17, 2022, the IRS filed various Federal Tax Liens against 376 Gin Lane, naming "Aberdeen Enterprises Holdings BVI LTD, as Nominee of Louise T. Blouin," *to wit*: (i) under seq. #LFED00034063 in the amount of $1,697,948.23; (ii) under seq. #LFED00034065 in the amount of $1,298,146.09; (iii) under seq #LFED00034061 in the amount of $1,844,814.71; and (iv) under seq. #LFED00034059 in the amount of $429,990.72 (collectively, the "Disputed Tax Liens"), with the following legal description:

> **Exhibit A**
>
> **Part 1 – Recording Copy**
>
> This exhibit is an attachment to the Notice of Federal Tax Lien, dated 8/3/2022, numbered 457027122, for ABERDEEN ENTERPRISES HOLDINGS BVI LTD, as Nominee of LOUISE T BLOUIN.
>
> Description of Property:
>
> All that certain plot, piece, or parcel of land situate, lying, and being in the Incorporated Village of Southampton, Town of Southampton, County of Suffolk, and State of New York more particularly bound and described as follows:
> Beginning at a point which point is distant the following three courses and distances from the point of the intersection of the southerly line of Gin Lane and the westerly line of Wyandanch Lane:
> (1)  South 73 degrees 21 minutes 10 seconds West, 65.95 feet;
> (2)  South 20 degrees 05 minutes 50 seconds East, 226.69 feet; and
> (3)  South 58 degrees 56 minutes- 50 seconds West, 66.64 feet to the point or place of beginning

21. The above description is not the legal description of 376 Gin Lane (or any other property for that matter); nor is 376 Gin Lane owned by Aberdeen Holdings.

22. In addition, Blouin's alleged liability with respect to the TFRP rests on her being a "responsible person" with regard to LBM and ANI's unpaid employment taxes. A person is responsible for another's non-payment of such taxes where the individual had the duty and authority to withhold and pay taxes, based upon the application of a number of factors. Blouin

6

did not have the duty and responsibility for LBM and ANI's withholding and payment of employment taxes and, therefore, is not properly the subject of a TFRP.

23. Lastly, even if Blouin is a "responsible person," she does not own 376 Gin Lane, nor does Aberdeen Holdings. As such, there is no relationship between LBM and ANI and the party whose property was made subject to the lien.

24. Accordingly, the Disputed Tax Liens should be stricken because: (1) the IRS did not mail notice to Blouin; (ii) Aberdeen Holdings, even if the nominee of Blouin, is not the owner of 376 Gin Lane; (iii) the legal description does not describe 376 Gin Lane; (4) Blouin is not a "responsible person" with respect to LBM and ANI; and (5) there is no relationship between those entities and the owner of 376 Gin Lane.

## COUNT II – MANDATORY INJUNCTION

25. Plaintiffs incorporates by reference its allegations above, as though more fully set forth herein at length.

26. 376 Gin Lane is part of a residential compound consisting to two lots. The other property is known as 366 Gin Lane, Southampton, New York ("366 Gin Lane").

27. 366 Gin Lane is owned by Brickchurch Enterprises, Inc. ("Brickchurch").

28. 376 Gin Lane is encumbered by a first priority mortgage in favor of Morgan Stanley Private Bank. The face amount of the mortgage is $15,000,000; and is signed by Aberdeen DE. The loan is in default; and a judgment in foreclosure and sale is entered against Aberdeen DE.

29. 366 Gin Lane and 376 Gin Lane is encumbered by a mortgage in favor of JGB Partners, LP, JGB Capital LP, JGB (Cayman) Anocona Ltd., and JGB Plymouth Rock LLC (collectively "JGB"). The mortgage is in the face amount of $26,000,000. It encumbers 366 Gin Lane as a first priority mortgage, and 367 Gin Lane as a second priority mortgage (behind the

7

Morgan Stanley Private Bank mortgage). The loan is also in default, and a judgment of foreclosure and sale is entered against Brickchurch and Aberdeen DE.

30. In order to prevent a foreclosure sale of the Brickchurch Property, on April 30, 2022, Brickchurch filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, under docket number 8-22-70914-ast.

31. Since the time Brickchurch filed for bankruptcy, it has remained a debtor in possession, and has secured replacement financing for the JGB loan from Bay Point Advisor, LLC ("Bay Point"). The Bay Point loan is contingent on, among other things, obtaining for Bay Point Advisors LLC a title policy and, *inter alia,* a second priority lien on 376 Gin Lane. To the extent Aberdeen DE is unable to obtain the Bay Point loan, it is entitled to immediate relief in the a nature of a mandatory injunction requiring the United States to discharge the Disputed Tax Liens.

32. Moreover, even if Bay Point completed the funding of the loan, the loan is a short bridge loan for only six months. Aberdeen DE and Brickchurch are required to pay off the Bay Point loan and the Morgan Stanley Private Bank loan by a sale of both 366 Gin Lane and 376 Gin Lane. Any new buyer will want the Disputed Tax Lien removed.

33. Because of the need for clear title to ensure refinancing and avoid foreclosure, Aberdeen DE will suffer immediate and irreparable harm if the Disputed Tax Liens are not stricken.

34. Accordingly, Aberdeen DE requested an order directing the United States to discharge the Disputed Tax Liens.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

  A. On Count I, entering an Order striking the Disputed Tax Liens;

  B. On Count II, directing the United States to discharge the Disputed Tax Liens;

  C. As to each Count, awarding attorneys' fees and costs as allowed by law.

  D. As to each Count, such other and further relief as the Court deems just and proper.

**DUANE MORRIS LLP**

 /s/ Brett L. Messinger
By: Brett L. Messinger
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1508
blmessinger@duanemorris.com
*Attorney for Plaintiffs*

Dated: November 28, 2022