UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



ABERDEEN ENTERPRISES, INC., a Delaware
Corporation, and LOUISE BLOUIN,

   *Plaintiffs,*

  v.

UNITED STATES OF AMERICA,

   *Defendant.*

2:22-cv-07190 (LDH)(AYS)

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER

The defendant United States of America responds as follows to the Complaint filed by plaintiffs Aberdeen Enterprises, Inc. and Louise Blouin:

### FIRST DEFENSE

Plaintiffs' claim for a mandatory injunction is barred by sovereign immunity. The requested relief exceeds the scope of 28 U.S.C. § 2410(c) and violates the Anti-Injunction Act, 26 U.S.C. § 7421(a). The exclusive statutory waiver of sovereign immunity through which someone other than the taxpayer may seek a discharge of the Notices of Federal Tax Liens is in 26 U.S.C. §§ 6325(b)(4) and 7426(a)(4), and Aberdeen Enterprises, Inc. has not complied with the conditions for obtaining relief under those Code sections.

### SECOND DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' claim for a mandatory injunction.

1

**THIRD DEFENSE**

Plaintiffs' claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the

Declaratory Judgment Act, 28 U.S.C. § 2201.

**FOURTH DEFENSE**

Plaintiffs' claim for a mandatory injunction fails to state a claim upon which relief can be

granted.

**FIFTH DEFENSE**

Plaintiff Louise Blouin's claims do not fall within the scope of 28 U.S.C. § 2410,  all of

her claims are barred by sovereign immunity, and her claims otherwise fail to state a claim upon

which relief may be granted.

**SIXTH DEFENSE**

As for its sixth defense, the defendant United States of America responds to the separate

paragraphs of the plaintiffs' complaint by stating and alleging as follows:

1.      *This is a quiet title action under 28 U.S.C. §2410(c), which seeks to strike off
certain Federal Tax Liens that were purportedly or attempted to be filed against property owned
by Aberdeen Enterprises, Inc., a Delaware Corporation ("Aberdeen DE"), as a result of an
attempt by the Internal Revenue Service ("IRS") to collect on behalf of the United States certain
Trust Fund Recovery Penalties, 26 U.S.C. § 6672 ("TFRP") purportedly imposed against Louise
Blouin. It is also an action for a mandatory injunction, requiring the United States to immediate
discharge the Federal Tax Liens.*

**RESPONSE**: Admits that the United States has federal tax liens against Louise Blouin

for trust fund recovery penalties, assessed pursuant to 26 U.S.C. § 6672, and that those liens have

attached to all of Blouin's property and rights to property, including the real property at issue in

this case. Further admits that the IRS recorded Notices of Federal Tax Lien (NFTLs) pursuant to

26 U.S.C. § 6323(f) identifying the real property as being subject to the tax liens. Admits that

plaintiffs seek the relief described in ¶ 1 but denies that any such relief should be granted by the

Court. Denies the remaining allegations in ¶ 1.

2.      *The Federal Tax Liens should be stricken because: (i) the IRS failed to provide the Notice as required by 26 U.S.C. § 6672; (ii) the Federal Tax Liens do not identify Aberdeen DE, but rather, a separate company with a similar name, Aberdeen Enterprises Holdings (BVI), Ltd.; (iii) the legal description on the Federal Tax Liens does not refer to 376 Gin Lane address described on Federal Tax Liens; and (iv) there is no connection between the individual purportedly subject to the penalty and the property being liened.*

**RESPONSE**: Denies.

3.      *Aberdeen DE is a Delaware corporation, with is principal place of business located in Wilmington, Delaware. Aberdeen DE owns property known as 376 Gin Lane, Southampton, New York ("376 Gin Lane").*

**RESPONSE**: Admits that Aberdeen DE is organized on paper as a Delaware corporation

and that it holds bare record legal title to 376 Gin Lane. Denies the remaining allegations in ¶ 3.

4.      *Louise Blouin ("Blouin"), is a Canadian Citizen, currently residing at Riedstrasse 61, 3920, Zermatt, Switzerland.*

**RESPONSE**:  Admits.

5.      *Defendant United States, is a sovereign country, who is required to be served with process by delivering the summons and complaint to: (i) Mr. Spencer Gould, Revenue Officer, Internal Revenue Service, 290 Broadway, 14th Floor, COLL GR-43, New York, New York; (ii) Breon Peace, United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201; and (iii) Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001.*

**RESPONSE**: Admits.

6.      *The subject matter of the action is within the original jurisdiction of the district court pursuant to 28 U.S.C. § 2410(a). Consistent with § 2410(b): (i) the name of the taxpayers are Louise Blouin Media, Inc. and Art Now, Inc.; (ii) the name of person targeted as responsible for purported penalties is Louise Blouin; (iii) the internal revenue office that filed the lien is located at 290 Broadway, 14th Floor, COLL GR-43, New York, NY; and (iv) the liens at issue were filed on August 17, 2022 in the Office of the Clerk of Suffolk County, New York, and are attached hereto as Exhibit "A".*

**RESPONSE**: Admits that the court has original jurisdiction over the quiet title action

brought by Aberdeen Enterprises, Inc., under 28 U.S.C. § 2410, and denies the remaining

allegations in the first sentence of ¶ 6. With respect to the second sentence of ¶ 6, the United

States admits parts (iii) and (iv), and denies any remaining allegations.  The United States avers

that the taxpayer whose liability created the liens is Louise Blouin.

7.      *Venue is proper in this judicial district because the action is one to quiet title on property in this judicial district.*

**RESPONSE**: Admits that venue is proper to the extent that the Court has jurisdiction

over this action and denies any remaining allegations in ¶ 7.

COUNT I – ACTION TO QUIET TITLE IN THE NATURE OF AN ORDER
STRIKING OFF FEDEAL [sic] TAX LIENS ON 376 GIN LANE

8.      *Plaintiffs incorporate by reference its allegations above, as though more fully set forth herein at length.*

**RESPONSE**: The United States incorporates its responses above, as though more fully

set forth herein at length.

9.      *Aberdeen DE became the fee owner 376 Gin Lane by two separate deeds: (i) by Deed from Carl Spielvogel and Barbaralee Diamonstein-Spielvogel dated as of April 10, 1998, and recorded on May 12, 1998 in Liber 11893, Cp. 122; and (ii) by deed from Brickchurch Enterprises, Inc. dated August 23, 2000, recorded September 11, 2000 in Liber 12069, Cp. 712. 376 Gin Lane is more fully described as follows:*

ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated VILLAGE OF SOUTHAMPTON, Town of SOUTHAMPTON, County of SUFFOLK and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of southerly side of gin lane with the westerly side of Wyandanch Lane;

RUNNING THENCE along the westerly side of Wyandanch Lane South 30 degrees 54 minutes 10 seconds East 531.00 feet to the Atlantic Ocean,

THENCE along a tie line course which marks the general shoreline of the Atlantic Ocean, as of January 5, 1982 bearing, South 64 degrees 46 minutes 15 seconds West 275.28 feet to the land now or formerly of Brickchurch Enterprises Inc.;

THENCE along said lands, the following four courses and distances:

| Form 50074436 (12-9-20) | Page 5 | Certificate of Title (Rev. 6-17-06) New York |

1) North 16 degrees 20 minutes 00 seconds West 213.89 feet;

2) North 03 degrees 20 minutes 09 seconds West 155.09 feet;

3) North 58 degrees 56 minutes 50 seconds East 50.96 feet;

4) North 20 degrees 05 minutes 50 seconds West, 178.57 feet to the southerly side of GIN LANE;

THENCE along the southerly side of Gin Lane, North 73 degrees 21 minutes 10 seconds East 65.95 feet to the westerly side of Wyandanch Lane to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Designated as District 0904, Section 029.00 Block 01.00, Lot 017.013, Suffolk County. (376 Gin Lane)

**RESPONSE**: Admits that Aberdeen Enterprises, Inc., is the record title holder of 376 Gin Lane by two deeds with the alleged recording information, and denies the remaining allegations in ¶ 9.  The United States avers that Aberdeen Enterprises, Inc., is the nominee and alter ego of Louise Blouin.

10.    *Aberdeen DE is not owned by Blouin. Rather, 100% of its stock is owned by Aberdeen Enterprises (BVI), Ltd. ("Aberdeen BVI"), which is a limited company located and existing under the laws of the British Virgin Islands.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 10.

11.    *Aberdeen BVI is not owned by Blouin. Rather, 100% of the interest is owned by Aberdeen Enterprises, Holdings (BVI), Ltd. ("Holdings BVI"), which is a limited company located and existing under the laws of the British Virgin Islands.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations

in ¶ 11.

12.    *Blouin is the 100% owner of the interest of Holdings BVI.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations

in ¶ 12.

13.    *The IRS claims that LBM and ANI failed to turn over to the IRS certain employment taxes collected between 2011 and 2017, known as trust fund taxes.*

**RESPONSE**: Admits that Louise Blouin Media, Inc., and Art Now, Inc., owe

outstanding federal employment tax liabilities for various quarterly periods between 2010 and

2017. Denies any remaining allegations in ¶ 13.

14.    *The IRS purports to have assessed a Trust Fund Recovery Penalty ("TFRP") against Blouin personally for the failure of LBM and ANI to turn over these employment taxes, pursuant to 26 U.S.C. § 6272(a).*

**RESPONSE**: Admits that the IRS has assessed (not "purports to have assessed") trust

fund recovery penalties against Louise Blouin pursuant to 26 U.S.C. § 6672 (not "§ 6272(a)").

Denies any remaining allegations in ¶ 14.

15.    *A TFRP is imposed on "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof ." 26 U.S.C. § 6672(a).*

**RESPONSE**: Admits that ¶ 15 accurately quotes a portion of 26 U.S.C. § 6672(a).

16.    *The term "person" includes an officer or employee of a corporation who is under a duty to collect, account for, and pay over the tax. 26 U.S.C. § 6671(b). These are generally called "responsible persons."*

**RESPONSE**: Admits generally that ¶ 16 contains an accurate summary of the law.

17.    *Where a TRFP is properly imposed, if is it not paid after demand, it becomes "a lien in favor of the United States upon all rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.*

6

**RESPONSE**: Admits generally that ¶ 17 contains an accurate summary of the law, and avers that the lien arises at the time the TFRP assessment is made, *see* 26 U.S.C. § 6322.

18.     *One of the prerequisites for imposing a TRFP is that the IRS is required to mail the purported responsible party a notice of the intent to impose a penalty by certified or registered mail at least 60 days before the TRFP is imposed. 26 U.S.C. § 6272(b). Until the notice is served, the Tax Court lacks jurisdiction to adjudicate the correctness of the TRFP; in other words, there is no ability to challenge the imposition of any penalty.*

**RESPONSE**: Admits that there is a notice requirement under 26 U.S.C. § 6672(b), and denies the remaining allegations in the first sentence of ¶ 18. Denies the second sentence of ¶ 18.

19.     *The TFRP imposed upon Blouin was procedurally improper because the IRS did not mail the notice in compliance with 26 U.S.C. § 6672(b) at least 60 days prior to the imposition of the TFRP. This is clear from the facts that (i) Blouin never received such notice, and (ii) the IRS, despite various requests, has not been able to produce proof of mailing or any dated letter in its records. Rather, the IRS has only been able to produce undated copies of the purported letters, without any proof of mailing. See Letters attached hereto as Exhibit "B".*

**RESPONSE**: Denies.

20.     *Despite not providing the notice required by 26 U.S.C. § 6672(b), on August 17, 2022, the IRS filed various Federal Tax Liens against 376 Gin Lane, naming "Aberdeen Enterprises Holdings BVI LTD, as Nominee of Louise T. Blouin," to wit: (i) under seq. #LFED00034063 in the amount of $1,697,948.23; (ii) under seq. #LFED00034065 in the amount of $1,298,146.09; (iii) under seq #LFED00034061 in the amount of $1,844,814.71; and (iv) under seq. #LFED00034059 in the amount of $429,990.72 (collectively, the "Disputed Tax Liens"), with the following legal description:*

## Part 1 – Recording Copy

**Exhibit A**

This exhibit is an attachment to the Notice of Federal Tax Lien, dated  8/3/2022, numbered  457027122, for ABERDEEN ENTERPRISES HOLDINGS BVI LTD, as Nominee of LOUISE T BLOUIN.

Description of Property:

All that certain plot, piece, or parcel of land situate, lying, and being in the Incorporated Village of Southampton, Town of Southampton, County of Suffolk, and State of New York more particularly bound and described as follows:
Beginning at a point which point is distant the following three courses and distances from the point of the intersection of the southerly line of Gin Lane and the westerly line of Wyandanch Lane:
(1)     South 73 degrees 21 minutes 10 seconds West, 65.95 feet;
(2)     South 20 degrees 05 minutes 50 seconds East, 226.69 feet; and
(3)     South 58 degrees 56 minutes- 50 seconds West, 66.64 feet to the point or place of beginning

**RESPONSE**: The United States denies that it did not provide the notice required by 26 U.S.C. § 6672(b) in connection with the TFRP assessments against Louise Blouin. Admits that the IRS recorded Notices of Federal Tax Liens with regard to Blouin's TFRP liabilities against 376 Gin Lane as otherwise described in ¶ 20. Denies the remaining allegations in ¶ 20.

21.     *The above description is not the legal description of 376 Gin Lane (or any other property for that matter); nor is 376 Gin Lane owned by Aberdeen Holdings.*

**RESPONSE**: Admits that 376 Gin Lane is not owned by Aberdeen Holdings and avers that Blouin is the true owner of the property. Lacks knowledge or information sufficient to admit or deny the remaining allegations in ¶ 21.

22.     *In addition, Blouin's alleged liability with respect to the TFRP rests on her being a "responsible person" with regard to LBM and ANI's unpaid employment taxes. A person is responsible for another's non-payment of such taxes where the individual had the duty and authority to withhold and pay taxes, based upon the application of a number of factors. Blouin did not have the duty and responsibility for LBM and ANI's withholding and payment of employment taxes and, therefore, is not properly the subject of a TFRP.*

**RESPONSE**: Admits that the first two sentences of ¶ 22 contain generally accurate descriptions of the law. Denies the remaining allegations in ¶ 22.

23.     *Lastly, even if Blouin is a "responsible person," she does not own 376 Gin Lane, nor does Aberdeen Holdings. As such, there is no relationship between LBM and ANI and the*

*party whose property was made subject to the lien.*

**RESPONSE**: Denies.

24.     *Accordingly,, the Disputed Tax Liens should be stricken because: (1) the IRS did not mail notice to Blouin; (ii) Aberdeen Holdings, even if the nominee of Blouin, is not the owner of 376 Gin Lane; (iii) the legal description does not describe 376 Gin Lane; (4) Blouin is not a "responsible person" with respect to LBM and ANI; and (5) there is no relationship between those entities and the owner of 376 Gin Lane.*

**RESPONSE**: Denies.

COUNT II – MANDATORY INJUNCTION

25.     *Plaintiffs incorporates by reference its allegations above, as though more fully set forth herein at length.*

**RESPONSE**: The United States incorporates its responses above, as though more fully

set forth herein at length.

26.     *376 Gin Lane is part of a residential compound consisting to two lots. The other property is known as 366 Gin Lane, Southampton, New York ("366 Gin Lane").*

**RESPONSE**: Admits.

27.     *366 Gin Lane is owned by Brickchurch Enterprises, Inc. ("Brickchurch").*

**RESPONSE**: The United States admits that Brickchurch holds bare legal title to 366 Gin

Lane, and denies the remaining allegations in ¶ 27. The United States avers that the true

equitable owner is Louise Blouin.

28.     *376 Gin Lane is encumbered by a first priority mortgage in favor of Morgan Stanley Private Bank. The face amount of the mortgage is $15,000,000; and is signed by Aberdeen DE. The loan is in default; and a judgment in foreclosure and sale is entered against Aberdeen DE.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations

in ¶ 28.

29.     *366 Gin Lane and 376 Gin Lane is encumbered by a mortgage in favor of JGB Partners, LP, JGB Capital LP, JGB (Cayman) Anocona Ltd., and JGB Plymouth Rock LLC (collectively "JGB"). The mortgage is in the face amount of $26,000,000. It encumbers 366 Gin*

*Lane as a first priority mortgage, and 367 Gin Lane as a second priority mortgage (behind the Morgan Stanley Private Bank mortgage). The loan is also in default, and a judgment of foreclosure and sale is entered against Brickchurch and Aberdeen DE.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 29, but avers, on information and belief, that JGB may have recently been paid off and discharged its mortgage in connection with Brickchurch's bankruptcy proceeding.

30.     *In order to prevent a foreclosure sale of the Brickchurch Property, on April 30, 2022, Brickchurch filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, under docket number 8-22-70914-ast.*

**RESPONSE**: Admits that Brickchurch filed a Chapter 11 bankruptcy case as indicated. Lacks knowledge or information sufficient to admit or deny the remaining allegations in ¶ 30.

31.     *Since the time Brickchurch filed for bankruptcy, it has remained a debtor in possession, and has secured replacement financing for the JGB loan from Bay Point Advisor, LLC ("Bay Point"). The Bay Point loan is contingent on, among other things, obtaining for Bay Point Advisors LLC a title policy and, inter alia, a second priority lien on 376 Gin Lane. To the extent Aberdeen DE is unable to obtain the Bay Point loan, it is entitled to immediate relief in the a nature of a mandatory injunction requiring the United States to discharge the Disputed Tax Liens"*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in the first two sentences of ¶ 31, but avers, on information and belief, that the Bay Point loan may have recently closed. Denies the allegations in the third sentence of ¶ 31.

32.     *Moreover, even if Bay Point completed the funding of the loan, the loan is a short bridge loan for only six months. Aberdeen DE and Brickchurch are required to pay off the Bay Point loan and the Morgan Stanley Private Bank loan by a sale of both 366 Gin Lane and 376 Gin Lane. Any new buyer will want the Disputed Tax Lien removed.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 32.

33.     *Because of the need for clear title to ensure refinancing and avoid foreclosure, Aberdeen DE will suffer immediate and irreparable harm if the Disputed Tax Liens are not stricken.*

**RESPONSE**: Denies.

34.     *Accordingly, Aberdeen DE requested an order directing the United States to discharge the Disputed Tax Liens.*

**RESPONSE**: The United States admits that Aberdeen DE has requested an order directing the United States to discharge the Disputed Tax Liens, but denies the remaining allegations in ¶ 34.

WHEREFORE the defendant United States requests that this Court:

A.  Enter judgment in favor of the defendant United States of America and against plaintiffs Aberdeen Enterprises, Inc., and Louise Blouin, denying the relief sought in plaintiffs' Complaint; and,

B.  Any other and further relief that this Court deems just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Eric A. Ashby II*
ERIC A. ASHBY II
EDWARD J. MURPHY
Trial Attorneys
Tax Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
Tel: 202-514-6508 / 202-307-6064
Fax: 202-514-5238
Eric.A.Ashby@usdoj.gov
Edward.J.Murphy@usdoj.gov

Of Counsel:
BREON PEACE
United States Attorney

**<u>Certificate of Service</u>**

I certify that on February 3, 2023, I electronically filed the foregoing DEFENDANT

UNITED STATES OF AMERICA'S ANSWER and thereby served the following attorneys for

plaintiffs who are registered to received CM/ECF notifications for this case:

Brett L. Messinger
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
blmessinger@duanemorris.com

*/s/ Eric A. Ashby II*
ERIC A. ASHBY II
Trial Attorney, Tax Division

12