UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

ABERDEEN ENTERPRISES, INC., a Delaware Corporation, and LOUISE BLOUIN,

    *Plaintiffs,*

    v.

UNITED STATES OF AMERICA,

    *Defendant and Counterclaim Plaintiff*

    v.

LOUISE BLOUIN,

    *Counterclaim Defendant.*

2:22-cv-07190 (LDH)(AYS)

------------------------------------------------------X

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH ORIGINAL COUNTERCLAIM

The defendant United States of America responds to the Amended Complaint filed by plaintiffs Aberdeen Enterprises, Inc., and Louise Blouin as follows:

### FIRST DEFENSE

Plaintiffs' claim for a mandatory injunction is barred by sovereign immunity. The requested relief exceeds the scope of 28 U.S.C. § 2410(c) and violates the Anti-Injunction Act, 26 U.S.C. § 7421(a). The exclusive statutory waiver of sovereign immunity through which someone other than the taxpayer may seek a discharge of the Notices of Federal Tax Liens is in 26 U.S.C. §§ 6325(b)(4) and 7426(a)(4), and Aberdeen Enterprises, Inc. has not complied with the conditions for obtaining relief under those Code sections.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' claim for a mandatory injunction.

## THIRD DEFENSE

Plaintiffs' claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## FOURTH DEFENSE

Plaintiffs' claim for a mandatory injunction fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff Louise Blouin's claims do not fall within the scope of 28 U.S.C. § 2410, all of her claims are barred by sovereign immunity, and her claims otherwise fail to state a claim upon which relief may be granted.

## SIXTH DEFENSE

As for its sixth defense, the defendant United States of America responds to the separate paragraphs of the plaintiffs' amended complaint by stating and alleging as follows:

1.  *This is a quiet title action under 28 U.S.C. §2410(c), which seeks to strike off certain Federal Tax Liens that were purportedly or attempted to be filed against property owned by Aberdeen Enterprises, Inc., a Delaware corporation ("Aberdeen DE"), as a result of an attempt by the Internal Revenue Service ("IRS") to collect on behalf of the United States certain Trust Fund Recovery Penalties, 26 U.S.C. § 6672 ("TFRP") purportedly imposed against Louise Blouin. It is also an action for a mandatory injunction, requiring the United States to immediate discharge the Federal Tax Liens.*

    **RESPONSE**: Admits that the United States has federal tax liens against Louise Blouin for trust fund recovery penalties assessed pursuant to 26 U.S.C. § 6672, and admits that those liens have attached to all of Blouin's property and rights to property, including the real property

2

at issue in this case. Further admits that the IRS recorded Notices of Federal Tax Lien (NFTLs) pursuant to 26 U.S.C. § 6323(f) identifying the real property as being subject to the tax liens. Admits that plaintiffs seek the relief described in ¶ 1 but denies that any such relief should be granted by the Court. Denies the remaining allegations in ¶ 1.

2.   *The Federal Tax Liens should be stricken because: (i) the IRS failed to comply with the Notice requirement of 26 U.S.C. § 6672; (ii) some of the Federal Tax Liens do not identify Aberdeen DE, but rather, a separate company with a similar name, Aberdeen Enterprises Holdings (BVI), Ltd. ("Holdings"); (iii) some of the Federal Liens do not have legal descriptions that refer to the correct property; (iv)Aberdeen DE is neither the nominee nor alter ego of Louise Blouin; (v) there is no sufficient bases to impose TFRP against Louise Blouin; and (vi) there is no connection between the individual purportedly subject to the penalty and the property being liened.*

**RESPONSE**: Denies.

3.   *Aberdeen DE is a Delaware corporation, with is principal place of business located in Wilmington, Delaware. Aberdeen DE owns property known as 376 Gin Lane, Southampton, New York ("376 Gin Lane").*

**RESPONSE**: Admits that Aberdeen DE is organized on paper as a Delaware corporation and that it holds bare record legal title to 376 Gin Lane. Denies the remaining allegations in ¶ 3.

4.   *Louise Blouin ("Blouin") is a Canadian Citizen, currently residing in Zermatt, Switzerland.*

**RESPONSE**:  Admits.

5.   *Defendant United States of America, is a sovereign country, who is required to be served with process by delivering the summons and complaint to: (i) Mr. Spencer Gould, Revenue Officer, Internal Revenue Service, 290 Broadway, 14th Floor, COLL GR-43, New York, New York; (ii) Breon Peace, United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201; and (iii) Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001.*

**RESPONSE**: Admits.

6.   *The subject matter of the action is within the original jurisdiction of the district court pursuant to 28 U.S.C. § 2410(a). Consistent with § 2410(b): (i) the name of the taxpayers are Louise Blouin Media, Inc. and Art Now, Inc.; (ii) the name of person targeted as control for purported penalties is Louise Blouin; (iii) the internal revenue office that filed the lien is located at 290 Broadway, 14th Floor, COLL GR-43, New York, New York; and (iv) there are two sets of liens that are subject to this action, both sets filed in the Office of the Clerk of Suffolk County, New*

*Yor. The first set was filed on August 17, 2022, and are attached hereto as Exhibit "A". The second set was purportedly sent by the IRS for filing on or about February 7, 2023, and attached hereto as Exhibit "B."*

**RESPONSE**: Admits that the court has original jurisdiction over the quiet title action brought by Aberdeen Enterprises, Inc., under 28 U.S.C. § 2410, and denies the remaining allegations in the first sentence of ¶ 6. With respect to the second sentence of ¶ 6, the United States admits parts (iii) and (iv), and denies any remaining allegations. Admits the allegations in the third sentence of ¶ 6. The United States avers that the taxpayer whose liability created the liens is Louise Blouin.

7. *Venue is proper in this judicial district because the action is one to quiet title on property in this judicial district.*

**RESPONSE**: Admits that venue is proper to the extent that the Court has jurisdiction over this action and denies any remaining allegations in ¶ 7.

COUNT I – ACTION TO QUIET TITLE IN THE NATURE OF AN ORDER STRIKING OFF FEDERAL TAX LIENS ON 376 GIN LANE

8. *Plaintiffs incorporate by reference its allegations above, as though more fully set forth herein at length.*

**RESPONSE**: The United States incorporates its responses above, as though more fully set forth herein at length.

9. *Aberdeen DE became the fee owner 376 Gin Lane by two separate deeds: (i) by Deed from Carl Spielvogel and Barbaralee Diamonstein-Spielvogel dated as of April 10, 1998, and recorded on May 12, 1998 in Liber 11893, Cp. 122; and (ii) by deed from Brickchurch Enterprises, Inc. dated August 23, 2000, recorded September 11, 2000 in Liber 12069, Cp. 712. 376 Gin Lane is more fully described as follows:*

```
ALL that certain plot, piece or parcel of land, situate, lying and being in the Incorporated VILLAGE OF SOUTHAMPTON,
Town of SOUTHAMPTON, County of SUFFOLK and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of southerly side of gin lane with the westerly side of Wyandanch
Lane;

RUNNING THENCE along the westerly side of Wyandanch Lane South 30 degrees 54 minutes 10 seconds East 531.00 feet
to the Atlantic Ocean,

THENCE along a tie line course which marks the general shoreline of the Atlantic Ocean, as of January 5, 1982 bearing,
South 64 degrees 46 minutes 15 seconds West 275.28 feet to the land now or formerly of Brickchurch Enterprises Inc.;

THENCE along said lands, the following four courses and distances:
```

| Form 50074436 (12-9-20) | Page 5 | Certificate of Title (Rev. 6-17-06) New York |
|---|---|---|

```
1) North 16 degrees 20 minutes 00 seconds West 213.89 feet;

2) North 03 degrees 20 minutes 09 seconds West 155.09 feet;

3) North 58 degrees 56 minutes 50 seconds East 50.96 feet;

4) North 20 degrees 05 minutes 50 seconds West, 178.57 feet to the southerly side of GIN LANE;

THENCE along the southerly side of Gin Lane, North 73 degrees 21 minutes 10 seconds East 65.95 feet to the westerly
side of Wyandanch Lane to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Designated as District 0904, Section 029.00 Block 01.00, Lot 017.013, Suffolk County. (376 Gin Lane)
```

**RESPONSE**: Admits that Aberdeen Enterprises, Inc., is the record title holder of 376 Gin Lane by two deeds with the alleged recording information, and denies the remaining allegations in ¶ 9. The United States avers that Aberdeen Enterprises, Inc., is the nominee and alter ego of Louise Blouin.

10. *Aberdeen DE is not owned by Blouin. Rather, 100% of its stock is owned by Aberdeen Enterprises (BVI), Ltd. ("Aberdeen BVI"), which is a limited company located and existing under the laws of the British Virgin Islands.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 10.

11. *Aberdeen BVI is not owned by Blouin. Rather, 100% of the interest is owned by Aberdeen Enterprises Holdings (BVI), Ltd. ("Aberdeen Holdings"), which is a limited company located and existing under the laws of the British Virgin Islands.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 11.

12. *Blouin is the 100% owner of the interest of Aberdeen Holdings.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 12.

13. *The IRS claims that two companies associated with Blouin – Louise Blouin Media, Inc. ("LBM") and Art Now, Inc. ("ANI") – failed to turn over to the IRS certain employment taxes collected between 2011 and 2017.*

**RESPONSE**: Admits that Louise Blouin Media, Inc., and Art Now, Inc., owe outstanding federal employment tax liabilities for various quarterly periods between 2010 and 2017 and that Louise Blouin was assessed under 26 U.S.C. § 6672 in regard to those periods. Denies any remaining allegations in ¶ 13.

14. *The IRS purports to have assessed a TFRP against Blouin personally for the failure of LBM and ANI to turn over these employment taxes, pursuant to 26 U.S.C. § 6272(a).*

**RESPONSE**: Admits that the IRS has assessed (not "purports to have assessed") trust fund recovery penalties against Louise Blouin pursuant to 26 U.S.C. § 6672 (not "§ 6272(a)"). Denies any remaining allegations in ¶ 14.

15. *A TFRP is imposed on "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof." 26 U.S.C. § 6672(a).*

**RESPONSE**: Admits that ¶ 15 accurately quotes a portion of 26 U.S.C. § 6672(a).

16. *The term "person" includes an officer or employee of a corporation who is under a duty to collect, account for, and pay over the tax. 26 U.S.C. § 6671(b). These are generally called "control persons."*

**RESPONSE**: Admits generally that the first sentence of ¶ 16 contains an accurate summary of the law. Denies the allegations in the second sentence of ¶ 16. The United States

avers that persons under a duty to collect, account for, and pay over the tax are generally called "responsible persons."

17.  Where a TFRP is properly imposed, if is it not paid after demand, it becomes "a lien in favor of the United States upon all rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

**RESPONSE**: Admits generally that ¶ 17 contains an accurate summary of the law, and avers that, after notice of the liability and demand for payment, the lien arises at the time the TFRP assessment is made, *see* 26 U.S.C. § 6322.

18.  One of the prerequisites for imposing a TFRP is that the IRS is required to mail the purported control party a notice of the intent to impose a penalty by certified or registered mail at least 60 days before the TFRP is imposed. 26 U.S.C. § 6272(b).

**RESPONSE**: Admits that there is a notice requirement under 26 U.S.C. § 6672(b), and denies the remaining allegations in ¶ 18.  The United States avers that the proper term is "responsible person" not "control party."

19.  Until the notice is served, the Tax Court lacks jurisdiction to adjudicate the correctness of the TRFP; in other words, there is no ability to challenge the imposition of any penalty.

**RESPONSE**: Denies.

20.  The TFRP imposed upon Blouin was procedurally improper because the IRS did not mail the notice in compliance with 26 U.S.C. § 6672(b) at least 60 days prior to the imposition of the TFRP.

**RESPONSE**: Denies.

21.  The IRS has admitted at depositions in a case pending in the United States Bankruptcy Court for the Eastern District of New York, In re Brickchurch Enterprises, Inc., Docket No. 22-70914-ast, that the Notice were [sic] not sent to Blouin consistent with the requirements of 26 U.S.C. § 6672(b). Specifically, the evidence obtained in those depositions reflect that:

    (a)  The IRS was aware that Mr. [sic] Blouin's last known address was not 376 Gin Lane, but instead in Switzerland.
    (b)  The notices provided by the IRS were mailed to a non-existent address "366376 Gin Ln., S. Hampton, NY 11968-0000-00," but not to the address in Switzerland

7

*that the IRS's records reflected as Ms. Blouin's last known address.*
        *(c)    The notices mailed to this non-existent address were returned to the IRS as undeliverable.*
        *(d)    After the notices were returned as undeliverable, the IRS corrected the address for 376 Gin Lane in its records, but provided no new notice of the assessment of TFRP.*

**RESPONSE**: The United States denies the first sentence of ¶ 21. In regard to the second sentence of ¶ 21, admits that no notices were mailed to the unidentified address in Switzerland, admits that one notice addressed to "366/376 GIN LN" for the number of the house and name of the street was returned stamped "undeliverable as addressed" and admits that another notice addressed to "366/376 GIN LN" for the number of the house and name of the street was returned as "unclaimed," and denies the remaining allegations.

    22.    Despite not providing the notice required by 26 U.S.C. § 6672(b), on August 17, 2022, the IRS filed various Federal Tax Liens against 376 Gin Lane, naming "Aberdeen Enterprises Holdings (BVI) LTD, as Nominee of Louise T. Blouin," to wit: (i) under seq. #LFED00034063 in the amount of $1,697,948.23; (ii) under seq. #LFED00034065 in the amount of $1,298,146.09; (iii) under seq #LFED00034061 in the amount of $1,844,814.71; and (iv) under seq. #LFED00034059 in the amount of $429,990.72 (collectively, the "August 17, 2022 Tax Liens"), with the following legal description:

> **Part 1 – Recording Copy**
>
> **Exhibit A**
>
> This exhibit is an attachment to the Notice of Federal Tax Lien, dated 8/3/2022, numbered 457027122, for ABERDEEN ENTERPRISES HOLDINGS BVI LTD, as Nominee of LOUISE T BLOUIN.
>
> Description of Property:
>
> All that certain plot, piece, or parcel of land situate, lying, and being in the Incorporated Village of Southampton, Town of Southampton, County of Suffolk, and State of New York more particularly bound and described as follows:
> Beginning at a point which point is distant the following three courses and distances from the point of the intersection of the southerly line of Gin Lane and the westerly line of Wyandanch Lane:
> (1)    South 73 degrees 21 minutes 10 seconds West, 65.95 feet;
> (2)    South 20 degrees 05 minutes 50 seconds East, 226.69 feet; and
> (3)    South 58 degrees 56 minutes- 50 seconds West, 66.64 feet to the point or place of beginning

**RESPONSE**: The United States denies that it did not provide the notice required by 26 U.S.C. § 6672(b) in connection with the TFRP assessments against Louise Blouin. Admits that

8

the IRS recorded Notices of Federal Tax Liens with regard to Blouin's TFRP liabilities against 376 Gin Lane as otherwise described in ¶ 22. Denies the remaining allegations in ¶ 22.

23. *The above description is not the legal description of 376 Gin Lane (or any other property for that matter); nor is 376 Gin Lane owned by Aberdeen Holdings.*

**RESPONSE**: Admits that 376 Gin Lane is not owned by Aberdeen Holdings and avers that Blouin is the true owner of the property. Lacks knowledge or information sufficient to admit or deny the remaining allegations in ¶ 23.

24. *On or about February 7, 2023, the IRS alerted Blouin that it had sent for filing additional Notices of Federal Tax Liens against 376 Gin Lane, naming "Aberdeen Enterprises, Inc., a Delaware Corp., as Nominee of Louise T. Blouin" (the "February 7, 2023 Tax Liens," and together with the August 17, 2022 Tax Liens, the "Disputed Liens").*

**RESPONSE**: Admits.

25. *The February 7, 2023 Tax Liens are, in form and substance, the same as the August 17, 2022 Tax Liens, except that they name Aberdeen DE as the nominee, in the place of Aberdeen Holdings, contain a proper legal description of the property located at 376 Gin Lane, and also allege that Aberdeen is the alter ego of Blouin.*

**RESPONSE**: Admits.

26. *In addition, Blouin's alleged liability with respect to the TFRP rests on her being a "control person" with regard to LBM and ANI's unpaid employment taxes. A person is control [sic] for another's non-payment of such taxes where the individual had the duty and authority to withhold and pay taxes, based upon the application of a number of factors.*

**RESPONSE**: Admits that ¶ 26 contains a generally accurate description of the law, except denies that 26 U.S.C. § 6672 uses the term "control person."

27. *Blouin did not have the duty and responsibility for LBM and ANI's withholding and payment of employment taxes and, therefore, is not properly the subject of a TFRP.*

**RESPONSE**: Denies.

28. *Even if Blouin is a "control person," she does not own 376 Gin Lane, nor does Aberdeen Holdings. As such, there is no relationship between LBM and ANI and the party whose property was made subject to the lien.*

**RESPONSE**: Denies.

29.     Finally, Aberdeen DE is not Blouin's nominee or alter ego.

**RESPONSE**: Denies.

30.     Ms. Blouin never owned 376 Gin Lane, and thus there is no question of a transfer for allegedly inadequate value or a lack of arms' length negotiation between purported nominee and transferee.

**RESPONSE**: Denies.

31.     Aberdeen DE has owned 376 Gin Lane since 2000, and the TFRP sought to be imposed is for the tax periods beginning 2011, nearly one decade after Aberdeen DE acquired any interest in 376 Gin Lane.

**RESPONSE**: Denies.

32.     The IRS's reliance upon the circumstances by Aberdeen DE obtained its interest in the Property more than a decade before the liabilities here even existed is improper as a matter of law.

**RESPONSE**: Denies.

33.     Accordingly,, the Disputed Tax Liens should be stricken because: (1) the IRS did not mail notice to Blouin; (2) neither Aberdeen Holdings nor Aberdeen DE are the nominees or alter ego [sic] of Blouin, (3) Aberdeen Holdings, even if the nominee of Blouin, is not the owner of 376 Gin Lane; (4) the legal description in the August 2, 2022 Tax Liens do not describe 376 Gin Lane; (4) Blouin is not a "control person" with respect to LBM and ANI; and (6) there is no relationship between those entities and the owner of 376 Gin Lane.

**RESPONSE**: Denies.

## COUNT II – MANDATORY INJUNCTION

34.     Plaintiffs incorporate by reference their allegations above, as though more fully set forth herein at length.

**RESPONSE**: The United States incorporates its responses above, as though more fully

set forth herein at length.

35.     376 Gin Lane is part of a residential compound consisting to two lots. The other property is known as 366 Gin Lane, Southampton, New York ("366 Gin Lane").

**RESPONSE**: Admits.

10

36. *366 Gin Lane is owned by Brickchurch Enterprises, Inc. ("Brickchurch").*

**RESPONSE**: The United States admits that Brickchurch holds bare legal title to 366 Gin Lane, and denies the remaining allegations in ¶ 36. The United States avers that the true equitable owner is Louise Blouin.

37. *376 Gin Lane is encumbered by a first priority mortgage in favor of Morgan Stanley Private Bank. The face amount of the mortgage is $15,000,000; and is signed by Aberdeen DE. The loan is in default; and a judgment in foreclosure and sale is entered against Aberdeen DE.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 37.

38. *366 Gin Lane and 376 Gin Lane are collectively encumbered by a mortgage in favor of JGB Partners, LP, JGB Capital LP, JGB (Cayman) Anocona Ltd., and JGB Plymouth Rock LLC (collectively "JGB"). The mortgage is in the face amount of $26,000,000, and encumbers 366 Gin Lane as a first priority mortgage, and 367 Gin Lane as a second priority mortgage (behind the Morgan Stanley Private Bank mortgage). The loan is also in default, and a judgment of foreclosure and sale is entered against Brickchurch and Aberdeen DE.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 38, but avers, on information and belief, that JGB may have recently been paid off and discharged its mortgage in connection with Brickchurch's bankruptcy proceeding.

39. *In order to prevent a foreclosure sale of 366 Gin Lane, on April 30, 2022, Brickchurch filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, under docket number 8-22-70914-ast.*

**RESPONSE**: Admits that Brickchurch filed a Chapter 11 bankruptcy case as indicated. Lacks knowledge or information sufficient to admit or deny the remaining allegations in ¶ 39.

40. *Since the time Brickchurch filed for bankruptcy, it has remained a debtor in possession, and has secured replacement financing for the JGB loan from Bay Point Advisor, LLC ("Bay Point"), which will continue to be secured jointly by both 366 Gin Lane and 376 Gin Lane.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 40.

11

41. *The Bay Point loan funded on December 9, 2022.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 41.

42. *The loan is a short bridge loan for only six months. Aberdeen DE and Brickchurch are required to pay off the Bay Point loan and the Morgan Stanly Private Bank loan by a sale of both 366 Gin Lane and 376 Gin Lane. Any new buyer will want the Federal Tax Liens removed.*

**RESPONSE**: Lacks knowledge or information sufficient to admit or deny the allegations in ¶ 42.

43. *Because of the need for clear title to ensure refinancing and avoid foreclosure, Aberdeen DE will suffer immediate and irreparable harm if the Federal Tax Liens are not stricken.*

**RESPONSE**: Denies.

44. *Accordingly, Aberdeen DE requests an order directing the United States to discharge the Federal Tax Liens from 376 Gin Lane.*

**RESPONSE**: The United States admits that Aberdeen DE has requested an order directing the United States to discharge the Disputed Tax Liens, but denies the remaining allegations in ¶ 44.

## COUNTERCLAIM

The United States incorporates by reference and restates the original "Counterclaim" (preamble and paragraphs numbered 35 through 51) included in the "Defendant United States of America's Amended Answer And Counterclaim" (ECF No. 10) without any changes or amendments.

WHEREFORE the defendant and counterclaim plaintiff United States requests that this Court:

A. Enter judgment in favor of the defendant United States of America and against plaintiffs Aberdeen Enterprises, Inc., and Louise Blouin, denying the relief sought in plaintiffs' Amended Complaint;

B. Enter judgment in favor of the counterclaim plaintiff United States of America and against the counterclaim defendant Louise Blouin under 26 U.S.C. § 6672 regarding the wages of the employees of Art Now, Inc., for the periods ending December 31, 2010; March 31, 2011; June 30, 2011; September 30, 2011; March 31, 2012; June 30, 2012; September 30, 2012; December 31, 2012; June 30, 2013; September 30, 2013; December 31, 2013; March 31, 2014; June 30, 2014; September 30, 2014; December 31, 2014; March 31, 2015; June 30, 2015; September 30, 2015; December 31, 2015; March 31, 2016; June 30, 2016; September 30, 2016; and December 31, 2016, and regarding the wages of the employees of Louise Blouin Media, Inc., for the periods ending March 31, 2011; June 30, 2011; September 30, 2011; December 31, 2011; March 31, 2012; June 30, 2012; June 30, 2013; September 30, 2013; December 31, 2013; March 31, 2014; June 30, 2014; September 30, 2014; December 31, 2014; March 31, 2015; June 30, 2015; September 30, 2015; and December 31, 2017, in the amount of $5,767,660.38, plus statutory additions from and after February 17, 2023, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and,

C. Any other and further relief that this Court deems just and proper.

                                        DAVID A. HUBBERT
                                        Deputy Assistant Attorney General
                                        Tax Division, U.S. Department of Justice

                                        */s/ Eric A. Ashby II*
                                        ERIC A. ASHBY II
                                        EDWARD J. MURPHY
                                        Trial Attorneys
                                        Tax Division, U.S. Department of Justice
                                        P.O. Box 55
                                        Washington, D.C.  20044
                                        Tel: 202-514-6508 / 202-307-6064
                                        Fax: 202-514-5238
                                        Eric.A.Ashby@usdoj.gov
                                        Edward.J.Murphy@usdoj.gov

Of Counsel:
BREON PEACE
United States Attorney

**Certificate of Service**

       I certify that on March 10, 2023, I electronically filed the foregoing DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH ORIGINAL COUNTERCLAIM and thereby served the following attorney for plaintiffs and for the Counterclaim Defendant who are registered to received CM/ECF notifications for this case:

Brett L. Messinger
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
blmessinger@duanemorris.com

                                               */s/ Eric A. Ashby II*
                                               ERIC A. ASHBY II
                                               Trial Attorney, Tax Division