UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ABERDEEN ENTERPRISES, INC., a Delaware
Corporation, and LOUISE BLOUIN,

          Plaintiffs,

-against-

UNITED STATES OF AMERICA,

          Defendant and Counterclaim Plaintiff,

-against-

LOUISE BLOUIN,

          Counterclaim Defendant.
----------------------------------------------------------------X

**ORDER**
CV 22-7190 (LDH)(AYS)

**SHIELDS, United States Magistrate Judge:**

Before the Court is the motion by Defendant and Counterclaim Plaintiff the United States of America (the "Government") to compel a further deposition of non-party Dawn Fasano ("Fasano"), pursuant to Federal Rule of Civil Procedure 37(a). The ground for the motion is that during the March 8, 2024 deposition of Fasano, Plaintiff and Counterclaim Defendant Louise Blouin ("Blouin") made numerous objections based on attorney-client privilege, resulting in Fasano declining to answer each question to which Blouin objected. The Government seeks a ruling on Blouin's objections and an order directing Fasano to sit for another deposition. Blouin opposes the motion.

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). "[T]he privilege extends to include communications between employees of a corporation and

1

corporate counsel that otherwise qualify for the privilege." <u>Kennedy v. City of New York</u>, 2006 WL 8439096, at *3 (E.D.N.Y. Oct. 16, 2006) (citing <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 390-95 (1981)). The attorney-client privilege is construed "narrowly because it renders relevant information undiscoverable." <u>In re County of Erie</u>, 473 F.3d 413, 418 (2d Cir. 2007). The party asserting the privilege bears the burden of establishing its existence. <u>See</u> <u>von Bulow v. von Bulow</u>, 811 F.2d 136, 144 (2d Cir. 1987).

The Court has reviewed the transcript of Fasano's deposition and finds that none of the questions for which Blouin asserted attorney-client privilege are, in fact, privileged. Blouin objected to 193 questions on the basis of privilege, going so far as to not even allow questions to be asked that might have determined the parameters of the privilege. In reviewing the questions to which Blouin objected, the Court finds that many of the questions asked sought nothing more than straightforward factual information, none of which is subject to attorney-client privilege. Moreover, in instances where Blouin objected to questions about emails or documents that she asserted were privileged, any purported privilege was waived because Fasano was one of many recipients on the email or document. The Court need not go through each and every objection in order to reach its ruling herein. Suffice it to say that Blouin objected to nearly every question posed to Fasano. Overall, Blouin takes the completely unsubstantiated position that because Fasano is a lawyer, each and every conversation to which she was a party, each and every document she reviewed, and each and every email upon which she was copied constitutes information protected by the attorney-client privilege. As demonstrated above, this is not the law. Accordingly, the Court overrules all of the objections asserted by Blouin on the basis of attorney-client privilege. Fasano is directed to sit for a second deposition within the next thirty days. Blouin shall pay the cost of the court reporter for the second deposition.

In addition, in her opposition to the Government's motion to compel, Blouin appears to make a cross-motion for further discovery – which she was not granted leave to make – seeking to depose Fasano and an individual named David Gursky. Blouin also seeks to compel Fasano to produce all escrow statements for Louise Blouin Media, Inc. and requests that seven individuals, whom she describes as "guilty parties" be added to this action. Discovery in this action closed on March 15, 2024. By Order dated April 19, 2024, this Court extended discovery "only for the purpose of taking the Fasano deposition, if the Government prevails on its motion." (Order of Shields, M.J. dated Apr. 19, 2024). Blouin had ample time to conduct the discovery she now seeks to take. The deadline for completing such discovery has long passed. Accordingly, Blouin's request to take additional discovery, as outlined in her opposition to the Government's motion to compel, is denied.

Finally, the Court has received multiple emails from an individual named Lea Toulouse ("Toulouse"), who purports to represent Blouin in some way. Toulouse does not appear as an attorney of record in this action; nor has she filed a notice of appearance on the docket herein. All communications with the Court are to be electronically filed on ECF and only by attorneys of record, or the parties themselves if they are proceeding pro se. Neither Toulouse nor Blouin has been given permission to email chambers and there shall be no further communications with the Court at its email address. Moreover, unless and until Toulouse files a notice of appearance in this action, she is precluded from contacting this Court on Blouin's behalf. If any further emails are received, the Court will consider imposing appropriate sanctions.

Any party seeking to make a dispositive motion shall initiate that process, consistent with the Individual Rules of the assigned District Judge on or before September 9, 2024. The

Government is directed to serve a copy of this Order on Blouin, and to file proof of service on the docket sheet, by July 29, 2024.

**SO ORDERED.**

Dated: Central Islip, New York
       July 25, 2024

                                      /s/ Anne Y. Shields
                                    ANNE Y. SHIELDS
                                    United States Magistrate Judge